# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RYATT DALE ERICKSON,<br><br>    Petitioner,<br><br>vs.<br><br>JIM BENEDETTI, *et al.*,<br><br>    Respondents. | 3:09-cv-00085-LRH-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* screening inquiry into whether the petition should be dismissed without prejudice for lack of exhaustion, following upon the petitioner's response (#10) to the Court's show cause order (#7), as well as upon petitioner's motion (#9) for appointment of counsel.

### *Background*

Petitioner Ryatt Dale Erickson challenges his Nevada state conviction, pursuant to a plea agreement, of one count of battery with intent to kill and one count of possession or control of a dangerous weapon by a prisoner, in connection with an incident in which Erickson attacked a sheriff's deputy while in custody in county jail.

On direct appeal, the Supreme Court of Nevada rejected a challenge by Erickson to the voluntariness of his plea.

Petitioner thereafter filed a state post-conviction petition. The state district court appointed counsel for petitioner and held an evidentiary hearing. After the state district court denied relief on the

claims presented, petitioner, through counsel, pursued an appeal. The Supreme Court of Nevada affirmed the denial of post-conviction relief.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

Petitioner acknowledges that the claims identified in the Court's prior order (see #7, at 5) were not included within the fast track statement that state post-conviction counsel filed on the state post-conviction appeal.

Petitioner contends, first, that the claims were exhausted because they allegedly were included in the pleadings in the state district court that were copied in the appendix to the fast track statement.

The Court is not persuaded.

Generally, in order to fairly present a claim to a state appellate court, a petitioner must present the claim to the court within the four corners of his appellate briefing. *E.g., Castillo*, 399 F.3d at 1000

-2-

1  & 1002 n.4; *see also Baldwin v. Reese,* 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64
2  (2004)("We . . . hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if
3  that court must read beyond a petition or a brief (or a similar document) that does not alert it to the
4  presence of a federal claim in order to find material, such as a lower court opinion in the case, that does
5  so.").

6       In the present case, Erickson did not include any statement in the fast track statement on the state
7  post-conviction appeal seeking to incorporate by reference any and all claims set forth in the pleadings
8  in the state district court. The fast track statement instead referred to the materials in the appendix
9  solely in connection with record citations pertaining to the claims that were presented in the fast track
10 statement.[1]

11      Moreover, in all events, Nevada appellate rules does not permit such incorporation by reference
12 even where attempted. Under Rule 28(e)(2) of the Nevada Rules of Appellate Procedure (NRAP),
13 parties may not incorporate briefs or memoranda filed in the state district court for argument on the
14 merits of the appeal. Moreover, the provisions of NRAP 30(b)(2)(A) and (3) require the inclusion of
15 the district court pleadings in the appendix as a matter of course. The mere presence of a pleading in
16 the appendix without any corresponding assertion of a particular claim therein in the body of the
17 appellate briefing thus does not imply any election by the appellant to present any particular claim or
18 claims to the state supreme court. Rather, the pleadings are present in the appendix because that is what
19 the Nevada appellate rules require.

20      The Court therefore is not persuaded that the mere presence of the state district court pleadings
21 in the appendix as required by the Nevada Rules of Appellate Procedure fairly presented any claim that
22 was *arguendo* contained therein to the Supreme Court of Nevada.[2]

---

24    [1] See #10, at electronic docketing pages 6-13 (fast track statement).

25    [2] *See also Ingbretsen v. Palmer*, 2009 WL 4823382, at *2 (D. Nev., Dec. 10, 2009)(distinguishing Ninth Circuit
26 authority). Petitioner's reliance upon *Peterson v. Lampert*, *supra*, is misplaced. *Peterson* instead is consistent with the
   Court's holding herein. In *Peterson*, the Ninth Circuit noted prior circuit authority – since overruled by the United
27 States Supreme Court in *Baldwin v. Reese* – under which the presence of a claim in a lower court opinion could exhaust
   a claim in the state supreme court. The Ninth Circuit held that this, now-overruled, authority did not aid Peterson,
28                                                                                                              (continued...)

Petitioner contends, second, that the claims were exhausted because he sought to file *pro se* papers in the Supreme Court of Nevada allegedly presenting the claims in the represented state post-conviction appeal. This Court again is not persuaded. The state supreme court issued an order expressly declining to grant petitioner permission to file documents in the represented appeal.[3] This action was consistent with established Nevada practice. The Supreme Court of Nevada generally does not permit or consider *pro se* filings by a party represented by counsel. That court's practice instead is to return such proper person documents unfiled. *See,e.g., Johnson v. State*, 120 Nev. 296, 89 P.3d 669, 671 n.10 (2004). Assertion of claims via a procedural vehicle where the claims will not even be filed, much less considered, indisputably does not constitute fair presentation of a claim for disposition on the merits. *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)(presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(same). Any claims that *arguendo* were included in the proper person submission therefore were not fairly presented to the state courts.[4]

Petitioner further asks the Court to consider the "totality of the circumstances," and he maintains that he demanded that counsel present all of his grounds for relief. There is, however, no "totality of the circumstances" analysis applicable to the exhaustion requirement. Moreover, even on direct appeal in the underlying criminal case, a defendant does not have a constitutional right to have appointed counsel present every nonfrivolous issue requested by the defendant. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The exhaustion requirement cannot be excused on the

---

[2](...continued)
however, because "Peterson's petition for review to the Oregon Supreme Court did not refer to his appellate court brief, did not mention any provision of the Federal Constitution, and did not mention 'ineffective' assistance of counsel." 319 F.3d at 1157. Similarly, in this case, nothing in Erickson's fast track statement alerted the Supreme Court of Nevada that petitioner was seeking to present all claims in the state district court pleadings that had been copied, as required by rule, in the appendix.

[3]#10, at electronic docketing page 23.

[4]In this Court, petitioner filed a copy only of a two-page motion for leave to file proper person briefs, without any additional papers reflecting that any proper person briefs were tendered to the state supreme court and/or that any such briefs contained the unexhausted claims. See #10, at electronic docketing pages 21-22.

basis that counsel declined to present claims on a state post-conviction appeal that were requested by a petitioner.  If a petitioner thereafter wishes to pursue the claims in federal court, he must first fairly present the claims to the state courts in a procedural vehicle where the claims will be considered and adjudicated either on the merits or on an independent and adequate state law ground.

The claims identified in the prior order therefore are not exhausted.  The petition therefore is a mixed petition containing both exhausted and unexhausted claims.  In the show cause response, petitioner indicates that he would prefer to proceed forward only on the exhausted claims rather than seek a stay to return to the state courts to exhaust the unexhausted claims.  If that is the alternative that petitioner wishes to pursue following the Court's holding on the exhaustion issues, the better course would be to have petitioner file a motion for partial dismissal requesting the dismissal of the unexhausted claims.  Following upon the current order, petitioner may consider the matter anew and may seek any appropriate relief.

On petitioner's motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See, e.g., Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require."  The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).  In the present case, the Court does not find that the interests of justice require the appointment of counsel at this juncture, given petitioner's demonstrated ability to adequately articulate the claims presented.

IT THEREFORE IS ORDERED, considering the foregoing, that the Court holds that the following claims are not exhausted:

    (1)    the claims in Ground 1 that petitioner was denied effective assistance of trial counsel because counsel failed to interview witnesses in the holding cell, failed to inspect the alleged weapon used in the attack on the deputy, and failed to conduct any investigation at all into the facts of the case;

(2) the claims in Ground 1 based upon a denial of due process and a denial of equal protection;

(3) the claims in Ground 2 that petitioner was denied effective assistance of trial counsel because counsel improperly informed petitioner that he never would have a chance of winning the case, erroneously advised and coerced him into taking a plea bargain, and had a conflict of interest because petitioner requested appointment of a different attorney;

(4) the claims in Ground 2 based upon a denial of due process and a denial of equal protection; and

(5) Grounds 3 through 6 in their entirety.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to mail for filing either a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the above-listed claims, and/or for other appropriate relief. The entire petition will be dismissed for lack of complete exhaustion if an appropriate motion is not timely filed.

IT FURTHER IS ORDERED that petitioner's motion (#9) for appointment of counsel is DENIED.

DATED this 29th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE